**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL21601

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON DIVISION

| | |
|---|---|
| Jerome Goodman, individually and on behalf of all others similarly situated, | Index No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | JURY TRIAL DEMANDED |
| I.C. System, Inc., | |
| Defendant. | |

Plaintiff, Jerome Goodman, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against Defendant, I.C. System, Inc., and states as follows:

## INTRODUCTION

1. This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

## THE FDCPA

2. Congress enacted the FDCPA upon finding that debt collection abuse by debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

3. The purpose of the FDCPA is to protect consumers from deceptive or harassing

1

actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002).

4. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

5. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff consumer to show that he or she was confused by the communication received. *Jacobson*, 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

6. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, every day, common consumer—understands the notice he or she receives." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

7. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90. "The juxtaposition of

two inconsistent statements" in a communication violates the FDCPA. *Russell*, 74 F.3d at 34.

8. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA is sufficient to establish civil liability against a debt collector. *Id.* at 62.

## JURISDICTION AND VENUE

9. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d).

10. This court has jurisdiction over defendant because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

11. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

12. Plaintiff, Jerome Goodman ("Plaintiff") is a natural person who is a citizen of the State of New Jersey.

13. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

14. Defendant, I.C. System, Inc. ("Defendant") is a corporation existing under the laws of the State of Minnesota, with its principal place of business at 444 Hwy 96 E, St. Paul, Minnesota 55164.

15. Defendant has transacted business within this state as is more fully set forth

hereinafter in this Complaint.

16. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

17. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18. The principal purpose of Defendant's business is the collection of such debts.

19. Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

20. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

22. Defendant alleges Plaintiff owes a debt to Trugreen (the "alleged Debt").

23. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

24. The alleged Debt does not arise from any business enterprise of Plaintiff.

25. The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

26. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

27. At the time the alleged Debt was assigned or otherwise transferred to Defendant for

4

collection, the alleged Debt was in default.

28. In its efforts to collect the alleged Debt, Defendant decided to contact Plaintiff by written correspondence.

29. Rather than preparing and mailing such written correspondence to Plaintiff on its own, Defendant decided to utilize a third-party vendor to perform such activities on its behalf.

30. As part of its utilization of the third-party vendor, Defendant conveyed information regarding the alleged Debt to the third-party vendor by electronic means.

31. The information conveyed by Defendant to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the account number, the entity to which Plaintiff allegedly owed the debt, among other things.

32. In fact, Defendant conveyed it was a debt collector and attempting to collect a debt from Plaintiff.

33. Defendant's conveyance of the information regarding the alleged Debt to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

34. The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the correspondence to Plaintiff at Defendant's direction.

35. A correspondence, dated October 16, 2021, was received and read by Plaintiff. (A true and accurate copy of that correspondence (the "Letter") is annexed hereto as "**Exhibit 1**.").

36. The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

37. The FDCPA prohibits the sharing of information regarding a consumer "without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial

remedy..." See 15 U.S.C. § 1692c(b).

38. In the relevant part, Section 1692c(b) states, "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." See 15 U.S.C. § 1692c(b).

39. The sharing, transferring, or communicating of Plaintiff's information is prohibited by law.

40. Plaintiff did not provide prior consent to the sharing of his information with third parties.

41. Plaintiff did not provide his prior consent to the sharing of his information with the third party letter vendor Defendant chose to convey information to regarding the Debt as part of its collection efforts.

42. Defendant's intentional or negligent conduct of sharing, transferring, or communicating of Plaintiff's personal and sensitive information without Plaintiff's prior consent, caused an invasion into Plaintiff's individual privacy, which caused Plaintiff concern, embarrassment, anxiety, worry, sleeplessness, and emotional distress, causing Plaintiff to spend time to retain counsel, causing him loss of time.

43. The Letter was the initial communication that Plaintiff received from Defendant.

44. Under § 1692g(a) of the FDCPA, within five days of an initial communication with a consumer, a debt collector must provide a written notice, known as a "Validation Notice", that contains relevant information about the alleged debt and how to dispute it.

45. Pursuant to the FDCPA § 1692g(a),

> **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless**

the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

46. In order to adhere to the FDCPA's statutory requirement under the § 1692g(a), the Letter states, in the relevant part, *"[U]nless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor. Any writing which disputes the validity of the debt or any portion thereof or any writing requesting the name and address of the original creditor should be sent to: IC System, PO Box 64378, St. Paul, MN 55164-0378."*

47. Pursuant to the FDCPA § 1692g(b), in the relevant part, "…Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

48. Defendant's statement of "Any writing which disputes the validity of the debt or any portion thereof or any writing requesting the name and address of the original creditor should be sent to: IC System, PO Box 64378, St. Paul, MN 55164-0378" overshadows and contradicts the Validation Notice.

49. The foregoing statement would lead the least sophisticated consumer to believe that a dispute must be made in writing.

50. The Letter in the relevant part provides a telephone number of 800-279-9281 for the Defendant.

51. Upon calling the foregoing telephone number for the Defendant the inbound voice recording has a message which states, *"[T]hank you for calling I.C. System…If you are calling in regards to a letter you received from our office, please contact your creditor directly at their telephone number which appears in the body of your letter. You should also contact your creditor directly if you would like more information or wish to dispute your account."* (the "IVR Message")

52. Immediately after the end of Defendant's IVR Message the call automatically disconnects without any option for the consumer to speak with Defendant or dispute the debt directly with Defendant.

53. Defendant's IVR Message overshadows and contradicts the Validation Notice and deprives the consumer the right to dispute the validity of the debt, or any portion thereof, with the Defendant.

54. Pursuant to 15 U.S.C. 1692g(b), a debt collector must "cease collection of the debt" if the consumer "dispute[s]" the debt, until the debt collector provides verification of the debt.

55. Defendant's Letter and IVR Message when considered together was misleading and/or confusing to the Plaintiff.

56. On one hand, the Plaintiff is to be provided a statutory right to dispute the validity of the alleged Debt, or any portion thereof, directly with Defendant but on the other hand, Defendant is depriving Plaintiff of such right by instructing Plaintiff to contact the creditor directly if Plaintiff wishes to dispute the alleged Debt.

57. On one hand, in the Validation Notice, Defendant informs the Plaintiff to send written disputes directly to Defendant, but on the other hand, Defendant's IVR Message states to contact the creditor if Plaintiff wishes to dispute the alleged Debt.

58. Due to Defendant's conduct of overshadowing and contradicting the Validation Notice, Plaintiff became confused and/or misled whether Defendant would cease collection of the alleged Debt upon Plaintiff's dispute of the alleged Debt.

59. Defendant's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendant's conduct.

60. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the alleged Debt and other alleged debts.

61. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted economic harm.

62. A favorable decision herein would serve to deter Defendant from further similar conduct.

### FIRST CAUSE OF ACTION
### Violation of 15 U.S.C. § 1692c(b) and § 1692f

63. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

64. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

65. The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

66. Plaintiff never consented to Defendant's communication with the third-party vendor concerning the alleged Debt.

67. Plaintiff never consented to Defendant's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

68. Plaintiff never consented to Defendant's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

69. Upon information and belief, Defendant has utilized a third-party vendor for these purposes thousands of times.

70. Defendant utilizes a third-party vendor in this regard for the sole purpose of maximizing their profits.

71. Defendant utilizes a third-party vendor without regard to the propriety and privacy of the information which they disclose to such third-party.

72. Defendant utilizes a third-party vendor with reckless disregard for the harm to

Plaintiff that results from Defendant's unauthorized disclosure of such private and sensitive information.

73. Defendant utilizes a third-party vendor with reckless disregard for Plaintiff's right to privacy.

74. Defendant utilizes a third-party vendor with reckless disregard for Plaintiff's right against public disclosure of Plaintiff's private facts.

75. Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

76. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

77. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

78. Defendant disclosed Plaintiff's private and sensitive information to the third-party vendor.

79. Defendant violated 15 U.S.C. § 1692f when it disclosed Plaintiff's private and sensitive information to the third-party vendor.

80. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

## SECOND CAUSE OF ACTION
### Violation of 15 U.S.C. § 1692g(b)

81. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

82. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the

consumer a written notice containing certain enumerated information.

83. 15 U.S.C. § 1692g(b) prohibits any collection activities and communication during the 30-day period from overshadowing and/or contradicting the disclosure of the Validation Notice.

84. Also, pursuant to 15 U.S.C. 1692g(b), a debt collector must "cease collection of the debt" if the consumer "dispute[s]" the debt, until the debt collector provides verification of the debt.

85. As part of the Validation Notice in the Letter, Defendant states, *"Any writing which disputes the validity of the debt or any portion thereof or any writing requesting the name and address of the original creditor should be sent to: IC System, PO Box 64378, St. Paul, MN 55164-0378"* overshadows and contradicts the Validation Notice.

86. The foregoing statement would lead the least sophisticated consumer to believe that a dispute must be made in writing, when the consumer has a statutory right to dispute the validity of the debt, or any portion thereof, directly with Defendant verbally.

87. The Letter in the relevant part provides a telephone number of 800-279-9281 for the Defendant underneath the Validation Notice.

88. Upon calling the foregoing telephone number for the Defendant the inbound voice recording has a message which states, *"[T]hank you for calling I.C. System…If you are calling in regards to a letter you received from our office, please contact your creditor directly at their telephone number which appears in the body of your letter. You should also contact your creditor directly if you would like more information or wish to dispute your account."*

89. Immediately after the end of Defendant's IVR Message the call automatically disconnects without any option for the consumer to speak with Defendant or dispute the alleged

Debt directly with Defendant.

90. Defendant's IVR Message overshadows and contradicts the Validation Notice and deprives the consumer the statutory right to dispute the validity of the debt, or any portion thereof, directly with the Defendant.

91. Defendant's Letter and IVR Message when considered together was misleading and/or confusing to the Plaintiff.

92. On one hand, the Plaintiff is to be provided a statutory right to dispute the validity of the alleged Debt, or any portion thereof, directly with Defendant but on the other hand, Defendant is depriving Plaintiff of such right by instructing Plaintiff to contact the creditor directly if Plaintiff wishes to dispute the alleged Debt.

93. Further, on one hand, in the Validation Notice, Defendant informs the Plaintiff to send written disputes directly to Defendant, but on the other hand, Defendant's IVR Message states to contact the creditor if Plaintiff wishes to dispute the alleged Debt.

94. Due to Defendant's conflicting statements, which overshadow and contradict the Validation Notice, Plaintiff became confused and/or misled whether Defendant would cease collection of the alleged Debt upon Plaintiff's dispute of the alleged Debt.

95. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(b) and are liable to Plaintiff therefor.

### THIRD CAUSE OF ACTION
### Violation of 15 U.S.C. §§ 1692e and 1692e(10)

96. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

97. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

98.  15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

99.  As part of the Validation Notice in the Letter, Defendant states, "Any writing which disputes the validity of the debt or any portion thereof or any writing requesting the name and address of the original creditor should be sent to: IC System, PO Box 64378, St. Paul, MN 55164-0378" would lead the least sophisticated consumer to believe that a dispute must be made in writing, when the consumer has a statutory right to dispute the validity of the debt, or any portion thereof, directly with Defendant verbally, rendering the statement in context of the Validation Notice false, misleading, and/or deceptive.

100.  The Letter in the relevant part provides a telephone number of 800-279-9281 for the Defendant underneath the Validation Notice.

101.  Upon calling the foregoing telephone number for the Defendant the inbound voice recording has a message which states, *"[T]hank you for calling I.C. System…If you are calling in regards to a letter you received from our office, please contact your creditor directly at their telephone number which appears in the body of your letter. You should also contact your creditor directly if you would like more information or wish to dispute your account."*

102.  Immediately after the end of Defendant's IVR Message the call automatically disconnects without any option for the consumer to speak with Defendant or dispute the alleged Debt directly with Defendant, rendering such misleading and/or deceptive.

103.  Defendant's IVR Message overshadows and contradicts the Validation Notice and deprives the consumer the statutory right to dispute the validity of the debt, or any portion thereof, directly with the Defendant, rendering such misleading and/or deceptive.

104.  Defendant's Letter and IVR Message when considered together was misleading,

deceptive and/or confusing to the Plaintiff.

105. Defendant has a pattern and practice of providing consumers with false, misleading, and/or deceptive communication in order to prevent the consumer from disputing debts directly with Defendant.

106. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and are liable to Plaintiff therefor.

## CLASS ALLEGATIONS

107. Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of New Jersey.

108. Plaintiff seeks to certify two classes of:

   i. All consumers where Defendant sent information concerning the consumer's debt to a third-party vendor without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year prior to the filing of this action to the present.

   ii. All consumers where Defendant sent a letter in an attempt to collect a consumer debt whereby the Defendant stated within the Validation Notice "Any writing which disputes the validity of the debt or any portion thereof or any writing requesting the name and address of the original creditor should be sent to: IC System, PO Box 64378, St. Paul, MN 55164-0378" or sent an initial dunning letter with Defendant's telephone number of 800-279-9281, which letter was sent on or after a date one year prior to the filing of this action to the present.

109. This class action seeks a finding that Defendant's conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

110. The Class consists of more than thirty-five persons.

111. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

112. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

113. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

114. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

c. Finding Defendants' actions violate the FDCPA; and

d. Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

e. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

f. Awarding the costs of this action to Plaintiff; and

g. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

h. Such other and further relief that the Court determines is just and proper.

DATED: December 22, 2021



        **BARSHAY, RIZZO & LOPEZ, PLLC**

        By: _____
                       , Esquire
        445 Broadhollow Road | Suite CL18
        Melville, New York 11747
        Tel: (631) 210-7272
        Fax: (516) 706-5055
        Our File No.: BRL21601
        *Attorneys for Plaintiff*